**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:19-cr-00099-GZS |
| JENNY SANTANA-VASQUEZ, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**

Before the Court are two motions in limine filed by Defendant: (1) Motion in Limine to Preclude the Government From Offering Multiple Experts and/or Certificates of Controlled Substance Analysis (ECF No. 143); and (2) Motion in Limine to Exclude Government's Third Last-Minute Disclosure of Evidence (ECF No. 158). To aid the parties in preparing for trial, the Court provides the following pretrial rulings.

**I.  Motion in Limine to Preclude the Government From Offering Multiple Experts and/or Certificates of Controlled Substance Analysis (ECF No. 143)**

"[T]o avoid wasting time and needlessly presenting cumulative evidence," Defendant asks that the Government be permitted to designate only expert, and introduce the results of only one round of testing, regarding the identification of the substance that was seized from Defendant in December 2018. (Id., PageID # 588.) In April 2019, Evan Hurley, a forensic drug chemist at the State of Maine's Department of Health and Human Services' Health and Environmental Testing Laboratory ("HETL"), tested the substance recovered from Defendant and identified it as fentanyl. (ECF No. 154, PageID # 727.) After Hurley resigned from HETL in 2022, Timothy Schwarze, another HETL forensic drug chemist, conducted a second round of testing and also determined that the substance contained fentanyl. (Id.) Because Hurley and Schwarze "employed the same

method of analysis" – namely, gas chromatography and/or mass spectrometry – "and reached the same conclusion," Defendant maintains that introducing testimony from both chemists at trial would be "cumulative and a waste of time." (ECF No. 143, PageID # 589.)  The Court disagrees.

Under Federal Rule of Evidence 403, the Court may exclude relevant evidence "if its probative value is substantially outweighed by . . . considerations of . . . waste of time[] or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  The Court "retains considerable latitude" in deciding which evidence to exclude as a waste of time or cumulative.  See Hamling v. United States, 418 U.S. 87, 127 (1974).  "Although Rule 403 'enables a trial judge to exclude needlessly cumulative evidence,' it also 'requires a balance of probative value against the negative consequences of using a particular piece of evidence.'"  United States v. Frabizio, 459 F.3d 80, 90 (1st Cir. 2006) (quoting Sec'y of Labor v. DeSisto, 929 F.2d 789, 794-95 (1st Cir. 1991)).

"Evidence is cumulative when it replicates other admitted evidence . . . ."  United States v. Jamil, 707 F.2d 638, 643 (2d Cir. 1983); see Elwood v. Pina, 815 F.2d 173, 178 (1st Cir. 1987) ("Evidence is cumulative if repetitive, and if 'the small increment of probability it adds may not warrant the time spent in introducing it.'" (citation omitted)).  Here, although evidence that the two chemists "used similar methods to arrive at similar conclusions on the same issue . . . may be cumulative," Defendant has failed to show that the testimony of both chemists would "be a 'needless presentation of cumulative evidence.'"  Kay v. Lamar Advert. of S. Dakota, Inc., No. CIV. 07-5091-KES, 2009 WL 2525204, at *2 (D.S.D. Aug. 17, 2009) (quoting Fed. R. Evid. 403)).  "Their testimony is not about an ancillary matter" but rather "pertains to the underlying issues before this court" – namely, the identification and chain of custody of the substance recovered from Defendant – "and is therefore not 'needless.'"  Id.  Moreover, Defendant does not deny the

probativeness of the two experts' proffered testimonies,[1] and the Court does not find that such probativeness would be "*substantially* outweighed by" concerns of cumulativeness or waste of time.  See Fed. R. Evid. 403 (emphasis added).  Finally, Defendant does not suggest – nor does this Court find – that the overlap between the chemists' testimonies would confuse the jury, prejudice Defendant, or cause undue delay.  See Fed. R. Evid. 403.

Accordingly, the Court DENIES Defendant's Motion (ECF No. 143).

## II. Motion in Limine to Exclude Government's Third Last-Minute Disclosure of Evidence (ECF No. 158)

Defendant asks the Court to preclude the Government "from introducing at trial evidence related to the chain of custody of purported drug evidence following testing performed in April 2019."  (ECF No. 158, PageID # 745.)  In support of this request, Defendant asserts that the Government belatedly produced, around 3:00 p.m. on Friday, October 28, "supplemental discovery" that included "a modified HETL chain of custody related to the April 2019 testing" performed by Hurley.  (ECF No. 158, PageID # 748.)  Because the "Government has repeatedly failed to produce discovery in a timely fashion . . . in violation of the discovery rules and the Due Process Clause of the Fifth Amendment," Defendant maintains that "[t]he appropriate remedy is to preclude the [G]overnment from introducing at trial evidence related to the chain of custody of purported drug evidence following testing performed in April 2019."  (Id., PageID # 750.)  The Government's explanation for the belated disclosure is that it learned, on October 27, that "the HETL chain of custody form it had previously provided Defendant on April 15, 2022 was incomplete" because it was missing about four lines of additional entries representing the evidence's return by HETL to the Maine State Police.  (ECF No. 172, PageID # 1168.)

---

[1] As the Government notes, granting Defendant's Motion would "hamstring the Government's ability to introduce probative evidence that would undermine her trial strategy" of challenging the chain of custody and identification of the substance recovered from her.  See ECF No. 154, PageID # 730.

3

Although "[t]here is no question that" the Government produced the evidence at issue "long past the discovery deadline," the Court has not been presented with any "evidence of bad faith by the [G]overnment." See United States v. Tajeddini, 996 F.2d 1278, 1288 (1st Cir. 1993) (finding no error in admission of Defendant's statements that "were not disclosed to the defense until three days before trial" because there was no "evidence of bad faith by the government"). Defendant also "has not shown that the delay" in disclosure would prejudice her defense. See id.; United States v. Hemmer, 729 F.2d 10, 13 (1st Cir. 1984) ("In order to succeed on a claimed violation of rule 16 of the Federal Rules of Criminal Procedure, a defendant must demonstrate that he has been prejudiced."). In reaching this conclusion, the Court has considered that the presentation of evidence in this case is estimated to take three days or less, and the belated production consists of two handwritten entries on a single page, which Defendant received at least nine days prior to the start trial. (Compare ECF No. 160, PageID # 763 with ECF No. 160, PageID # 758.) Under these circumstances, the Court does not find that a sanction excluding the evidence is warranted. For these reasons, the Court DENIES Defendant's Motion (ECF No. 158.)

All of these pretrial rulings are made WITHOUT PREJUDICE to counsel renewing their objections or seeking further opportunities to proffer outside the presence of the jury.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 2nd day of November, 2022.

4